UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| INES VALLEJO. | ) | CASE NO.3:06 CV 0232 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A.BOYKO |
| | ) | |
| v. | ) | ORDER OF TRANSFER |
| | ) | |
| H. J. MARBERRY, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Ines Vallejo filed the above-captioned habeas corpus action against H. J. Marberry, Warden at the Federal Correctional Institution in Milan, Michigan ("F.C.I. Milan") pursuant to 28 U.S.C. § 2241. Mr. Vallejo, who is confined at F.C.I. Milan, challenges the execution of his sentence based on his assertion that he is entitled to sentencing credit that he has been denied.

*28 U.S.C. § 2241*
*Jurisdiction*

Claims asserted by federal prisoners seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122. 1123 (6th Cir. 1998)(citing United

States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Thus, a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). A district court only has jurisdiction over a habeas corpus petition if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. To evaluate jurisdiction, the petitioner's custodian must first be identified and then whether the court has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained); Vasquez v. Reno, 233 F.3d 688, 693 (1th Cir. 2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); see e.g., United States v. Moussaoui, 365 F.3d 292, 300 (4th Cir. 2004)(the relevant question is not whether the district court can serve the witnesses, but rather whether the court can serve the custodian); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir.1976); Jones v. Biddle, 131 F.2d 853, 854

(8th Cir.1942). In this context, the warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. Blango, 942 F.2d at 1492 n. 10; Guerra, 786 F.2d at 416.

At the time Mr. Vallejo filed this pleading he was incarcerated at F.C.I. Milan. Therefore, his custodian, and the proper respondent in this action, is the warden at F.C.I. Milan. Inasmuch as that facility is not within this judicial district, the court lacks personal jurisdiction over Mr. Vallejo's custodian. Even if he were transferred, the court which had jurisdiction over his custodian at the time the petition was filed would retain jurisdiction for habeas purposes. See Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979)(prisoner's transfer does not affect court's subject matter jurisdiction over the case).

Based on the foregoing, this court lacks jurisdiction over this petitioner. See 28 U.S.C. § 2241. Accordingly, this case is hereby TRANSFERRED to the United States District Court for the Eastern District of Michigan for all further proceedings. 28 U.S.C. § 1406(a). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

4/3/06
Date

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
United States District Judge